**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| CHARLES EDWARD COLLINS, | § |
| *Plaintiff*, | § § § |
| v. | § § |
| CHARLES "CHASE" DOTSON, *Individually*, RYAN ROOP, *Individually*, CALEB ODEN, *Individually*, | § § § § |
| *Defendants*. | § |

Case No. 2:19-cv-00013-RSP

## MEMORANDUM ORDER

Currently before the Court is the Motion to Stay filed by Defendant Dotson on February 26, 2021 (Dkt. No. 216). As the Court has informed the parties at the pretrial conference, the motion is denied. The events at issue in this case occurred on November 22, 2018, and the action was commenced on January 14, 2019, more than two years ago. Defendant Dotson has repeatedly requested that this case be stayed, and the Court has denied the stay but continued the trial multiple times for more than a year to allow Mr. Dotson to address his criminal charges. Mr. Dotson's counsel is still unable to give any indication of the length of the stay he is requesting, other than to say as long as it takes, even through any appeals. At the same time, Mr. Dotson has not shown that he has taken a single step toward even requesting a trial date in the criminal case.

It has been the experience of the undersigned that when criminal charges are brought against a law enforcement officer for conduct occurring in the line of duty there is sometimes a lack of the normal zeal from the prosecutor. This is understandable, but it allows the defendant officer to use that unmoving prosecution as a shield against civil claims arising out of the same facts.

This Court, like most courts, attempts to allow the criminal charges to be disposed of before proceeding with the civil case. The Court limited the discovery and addressed the qualified immunity defense before proceeding with the litigation. The Court found that the rights allegedly violated were very clearly established and the violation of those rights was well supported. (Dkt. No. 76, November 25, 2019). These cases at some point require the Court to balance the interests of the civil litigant against the interests of the criminal defendant. The Court has considered the briefing and all of the factors that Mr. Dotson cites from Judge Fitzwater's opinion in *Walker v. Wilburn*, 2015 WL 5873392 (N.D. Tex., 10/05/2015). The Court finds the following and preceding facts most important in the analysis.

Mr. Dotson chose to participate in discovery before ever seeking a stay, and even gave a deposition. All of the relevant events in this matter are shown on multiple videos from the body cameras and patrol car cameras of the many participants. There is no event, from Mr. Dotson's first contact with the plaintiff until he was taken to the hospital that is not covered by the videos. Mr. Dotson's counsel has been unable to articulate any possible defense not shown by the cameras. All he can say is that it doesn't show Mr. Dotson's thought process, but that is not at issue in this excessive force civil claim. In any event, he has already addressed that in his deposition.

This is also the most unjustifiable case of excessive force that the undersigned has seen in forty years of involvement in these cases. Mr. Dotson did not even appeal the denial of qualified immunity in late 2019. The Plaintiff in this matter is elderly and has already waited two and a half years for a trial. Furthermore, Mr. Dotson has announced his decision not to testify, so the civil trial presents no risk to his criminal defense. The other civil defendants do not face criminal charges, and one of them has required the Court to coordinate the trial to minimize interference with his deployment to Afghanistan.

Balancing all of the interests in this matter, the Court has decided that it is time to let this case proceed to trial.

**SIGNED this 28th day of March, 2021.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE